**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ethan BREITHAUPT, Defendant–**
**Appellant.**

**No. 05–30008.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 23, 2006.*

Filed Feb. 28, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Earl Allan Hicks, Esq., Stephanie Whitaker, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Jeffry Keith Finer, Esq., Finer and Pugsley, Spokane, WA, for Defendant-Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and MARSHALL,** District Judge.

### MEMORANDUM ***

Ethan Breithaupt appeals his conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Breithaupt argues that there was insufficient evidence to support his conviction and that the district court erred in admitting various out-of-court statements attributed to a co-conspirator.

■ The record, viewed in the light most favorable to the Government, *see United States v. Magallon–Jimenez,* 219 F.3d 1109, 1112 (9th Cir.2000), contains circumstantial evidence that gives rise to reasonable inferences that Breithaupt conspired to distribute methamphetamine. *See United States v. Daychild,* 357 F.3d 1082, 1097 (9th Cir.2004). First, numerous witnesses testified that Co–Defendant Awbery's main business was the large-scale distribution of methamphetamine, and that Breithaupt was one of Awbery's "main people." Co–Defendant Breanne Ruff testified that she frequently drove Awbery around for the sole purpose of distributing methamphetamine and, on one such occasion, saw Breithaupt and Awbery exchange money and drugs out the window. The jury was entitled to infer that the drugs in question were methamphetamine. Other witnesses testified that Breithaupt was present, often involved in the exchange of money, during their transactions in methamphetamine with Awbery. Second, Breithaupt's nickname appeared on Awbery's drug ledger, next to an amount consistent with the price of a quarter pound of methamphetamine. Finally, property seized from Awbery's storage unit tested positive for methamphetamine, rather than another drug. These facts, when considered in their totality, give rise to the inference that Breithaupt conspired to distribute methamphetamine. *Accord United States v. Mares,* 940 F.2d 455, 458 (9th Cir.1991) ("While no individual fact or inference is sufficient to establish the appellants' connection to the conspiracy, the facts within the record, when considered in their totali-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ty, create a rather persuasive case for guilt.").

Breithaupt's only other argument on this appeal is that the district court erred in admitting, as "co-conspirator statements" under Fed.R.Evid. 801(d)(2)(E), certain out-of-court statements made by Awbery. The specific issue raised by Breithaupt is whether all or even some of the evidence of the conspiracy was in the record at the time Awbery's statements implicating Breithaupt were admitted through the testimony of confidential source Loren Broyles, as many of the other Government witnesses testified *after* Broyles. However, at the time Broyles took the stand, the Government had introduced sufficient evidence, including the testimony of cooperating Co-Defendant Breanne Ruff, to permit the court to make the requisite foundational findings under Fed.R.Evid. 801(d)(2)(E).

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.